IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NORAH HAYES and ANGELIA HAYES,<br><br>  Plaintiffs,<br><br>v.<br><br>THE BANK OF NEW YORK MELLON, f/k/a THE BANK OF NEW YORK, as Trustee for the Certificate Holders of the CWABS Inc. Asset-Backed Certificates, Series 2005-13, MCCALLA RAYMER, LLC, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,<br><br>  Defendants. | CIVIL ACTION NO.<br>1:14-CV-00338-TWT-LTW |

**MAGISTRATE JUDGE'S ORDER AND REPORT AND  RECOMMENDATION**

Pending before this Court are Plaintiffs Norah and Angelia Hayes' (together, "Plaintiffs") Motion to Deny Removal by Defendants (Docket Entry [2]); Defendants The Bank of New York Mellon ("BONY") and Mortgage Electronic Registration Services, Inc.'s ("MERS") Motion to Dismiss Plaintiffs' Complaint (Docket Entry [3]); Defendant McCalla Raymer, LLC's ("McCalla") Motion to Dismiss Plaintiffs' Complaint (Docket Entry [4]); and Defendants BONY and MERS' Motion to Stay Pretrial Deadlines (Docket Entry [6]).[1]  For the reasons outlined below:

---

[1] Plaintiffs' responses to the two motions to dismiss and motion to stay pretrial deadlines are stylized as "Motions to Deny" those motions to dismiss. See Docket

(1) Plaintiffs' Motion to Deny Removal by Defendants should be **DENIED** (Docket Entry [2]);

(2) Defendants BONY and MERs' Motion to Dismiss to Plaintiffs' Complaint should be **GRANTED** (Docket Entry [3]);

(3) Defendant McCalla's Motion to Dismiss Plaintiffs' Complaint should be **GRANTED** (Docket Entry [4]); and

(4) Defendants BONY and MERS' Motion to Stay Pretrial Deadlines is **GRANTED** (Docket Entry [6]).

## I.   PLAINTIFFS' MOTION TO DENY REMOVAL

On December 30, 2013, Plaintiffs filed the present case again BONY, McCalla, and MERS (the "Defendants") in Douglas County State Court. See Verified Complaint for Fraud, Damages, Emergency Injunctive and Declaratory Judgment Relief, to Set Aside an Unlawful Sale under Power of Writ of Mandamus (the "Complaint" or "Compl."), Docket Entry [1-1]. In their Complaint, Plaintiffs assert claims relating to alleged wrongdoing in the origination of their mortgage, the assignment of their security deed, and the foreclosure of their home. Id. Among the causes of action asserted are claims arising under federal law, including the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, et. seq., the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., and the the Real Estate Settlement Procedures Act ("RESPA"), 12

---

Entries [9, 10, 11]. The Court will treat Plaintiffs' collective responses as responses in opposition and not separate motions. **The Clerk of the Court is DIRECTED to restyle docket entries 9, 10, and 11 as responses in opposition**.

U.S.C. § 2601, et seq.. On February 5, 2014, Defendants BONY and MERS removed the action to the Northern District of Georgia, contending that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, based upon the causes of action alleged under the FDCPA, RESPA, and TILA. Docket Entry [1].

In their Motion to Deny Removal by Defendants, Plaintiffs seek to remand this action to state court. Docket Entry [2]. Plaintiffs argue the District Court does not have jurisdiction. Id. In support, Plaintiffs appear to suggest that the requirements for diversity jurisdiction have not been met, and that the Court does not have jurisdiction pursuant to 28 U.S.C. § 1349. Id.

Plaintiffs, however, fail to understand the nature of the Court's removal jurisdiction in this matter. Under Subsection (a) of 28 U.S.C. § 1441, a defendant may remove "[a]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction." Under Subsections (b) and (c) of 28 U.S.C. § 1441, original jurisdiction exists if either diversity jurisdiction exists under 28 U.S.C. § 1332(a) because the parties are diverse and the amount in controversy exceeds $75,000, or if federal question jurisdiction exists under 28 U.S.C. § 1331 because "a claim arising under the Constitution, laws, or treaties of the United States" is asserted in the action. An action need not be removable under both diversity and federal question jurisdiction; instead, if federal question jurisdiction exists, an action is removable, even if a case would not be removable on diversity grounds. Moreover, under 28 U.S.C. § 1367(a), if an action is removable under federal question jurisdiction,

AO 72A
(Rev.8/82)

a federal court may exercise supplemental jurisdiction over state law claims that are part of the same "case or controversy" as the federal claims.

Contrary to Plaintiffs' suggestion, Defendants clearly sought to remove this action on the basis of federal question jurisdiction because Plaintiffs have asserted claims arising under the FDCPA, RESPA, and TILA in various locations throughout the Complaint. Those violations relate to the alleged failure by Defendants to provide required disclosures (or the making of alleged material misrepresentations) throughout the life of Plaintiffs' mortgage: at the time of the closing of Plaintiffs' home loan, during the assignment of their security deed, and in the course of debt collection on Plaintiffs' loan, up to and including foreclosure. (See Compl. pp. 5, 7-10, 12-13, 15). Moreover, all of the claims asserted in the instant lawsuit – both the federal claims and the state law claims – relate to alleged wrongdoing during the closing of Plaintiffs' home loan, in the assignment of Plaintiffs' security deed, and in the events leading up to and including the foreclosure of their home, and are therefore part of the same case and controversy for the purposes of supplemental jurisdiction under 28 U.S.C. § 1367(a).

Additionally, the restrictions put in place by 28 U.S.C. § 1349 are inapplicable to the present case. Pursuant to 28 U.S.C. § 1349 "district courts shall not have jurisdiction of any civil action by or against any corporation upon the ground that it was incorporated by or under an Act of Congress, unless the United States is the owner of more than one-half of its capital stock." Id. It is only if a defendant asserts as its sole basis for jurisdiction that the United States is owner of more than one-half of a

AO 72A
(Rev.8/82)

corporation's capital stock that this statute comes in to play; it "is not a restriction upon the jurisdiction of Federal Courts under other sections of Title 28," including federal question jurisdiction. Patterson v. Am. Nat'l Red Cross, 101 F. Supp. 655, 656 (S.D. Fla. 1951); see also Jackson v. Tenn. Valley Auth., 462 F. Supp. 45, 52 (M.D. Tenn. 1978), aff'd, 595 F.2d 1120 (6th Cir. 1979) ("[T]he purpose of the [] statute was to end federal question jurisdiction based solely on federal incorporation in the case of private corporations) (emphasis added). Because Defendants BONY and MERS rely on Section 1331 and 1367 of Title 28, and not upon Section 1349, Plaintiffs' argument is without merit. For the reasons discussed above, the undersigned recommends that Plaintiffs' Motion to Deny Removal by Defendants be **DENIED.**

## II.  DEFENDANT MCCALLA'S MOTION TO DISMISS

### A.  Background

Prior to filing the instant lawsuit, Plaintiffs, proceeding pro se, filed a very similar lawsuit on July 27, 2012, against BONY, Bank of America, HSBC Bank (USA) N.A., and McCalla, arising out of alleged wrongdoing in relation to the assignment of their security deed and the foreclosure of their home. See Hayes v. The Bank of New York Mellon, et al., No. 1:12-CV-2601-TWT-LTW ("Hayes I"), Docket Entry [1]. In that case, Plaintiffs appeared to allege the following:

> (1) BONY, McCalla, and HSBC violated the Section 1692(d) of the FDCPA, and committed "theft by deception" in violation of O.C.G.A. § 16-8-3 when they used "false" documents to foreclose on Plaintiffs' home, including "Assignments"

5

which were "false" and executed by individuals who were not employees of MERS;

(2) BONY slandered their title by recording false assignments in violation of Section 1692(f) of the FDCPA;

(3) Unspecified defendants in that action somehow violated O.C.G.A. § 7-6A-6(d), O.C.G.A. § 44-14-64, and/or Section 3-309 of an unidentified statute because an unidentified document was not endorsed by the Lending Group, their original lender, and they did not include the Lending Group's mailing address within the document;

(4) BONY violated either Section 1692g of the FDCPA and/or Section § 2605(e)(1)(A) of RESPA, when it did not answer Plaintiffs' qualified written request;

(5) BONY acquired Plaintiffs' loan after the Pooling and Servicing Agreement closed, furnished Plaintiffs with "false and deceptive forms," misrepresented itself as a valid assignee to the mortgage, and unjustly enriched itself; and

(6) Unspecified defendants violated the Fifth and Fourteenth Amendment of the United States Constitution or the Uniform Commercial Code in some unspecified way.

Id.

This Court determined that Plaintiffs' complaint in that action should be dismissed for multiple reasons. Hayes I, Docket Entry [32]. First, Plaintiffs failed to

provide sufficient factual allegations to raise their claims beyond a speculative level. Id. Second, Plaintiffs' claims were laid out in shotgun fashion, without clearly identifying which factual allegations supported which cause of action and which claims were brought against which defendant. Id. This Court recommended the dismissal of Plaintiffs' complaint, but provided Plaintiffs with an opportunity to replead their complaint and cure specifically enumerated deficiencies within fourteen (14) days. Id. The Court warned Plaintiffs that "**failure to timely file their repleaded Complaint . . . will result in this Court's recommendation that their lawsuit be dismissed with prejudice.**" Id. (emphasis in original).

Though Plaintiffs objected to this Court's recommendation of dismissal (Hayes I, Docket Entry [34]), Plaintiffs did not file an amended complaint or otherwise seek to cure the deficiencies identified. On February 8, 2013, the District Court, over Plaintiffs' objections, adopted the Report and Recommendation as its judgment. Hayes I, Docket Entry [35]. Moreover, because Plaintiffs did not file an amended complaint as directed, the District Court dismissed all of Plaintiffs' claims with prejudice. Id. Despite the dismissal of Plaintiffs' claims with prejudice, Plaintiffs have since sought reconsideration and other relief from the District Court for over a year following the dismissal, with the last docket entry dated February 24, 2014. Hayes I, Docket Entries [37, 39, 42]. Plaintiffs' motion for reconsideration was denied. Hayes I, Docket Entries [36, 41]

As noted above, on December 30, 2013, Plaintiffs filed the instant Complaint.

7

Docket Entry [1-1].  In this lawsuit, Plaintiffs again assert claims, largely without clear factual predicate and in very confusing fashion, relating to alleged wrongdoing in relation to their mortgage, including in the assignment of their security deed and the foreclosure of their home.  Id.  Plaintiffs set forth six[2] counts, in which they appear to allege that:

> (1) Defendants committed fraud during the assignment of Plaintiffs' security deed to BONY, including misrepresentations of material fact in violation of O.C.G.A. § 51-6-2 by MERS and BONY, and failure to cease debt collection for the thirty days following Plaintiffs' request to validate the debt in violation of Section 1692(g) of the FDCPA by McCalla.  As a result, the assignment was improper and the foreclosure of Plaintiffs' property was wrongful (Compl., pp. 7-10);
>
> (2) MERS and BONY committed theft by deception in violation of O.C.G.A. § 16-8-3 in relation to the allegedly improper assignment and allegedly "unlawful/wrongful/illegal, nonjudical Sale Under Power" of Plaintiffs' property (Compl. pp. 10-12);
>
> (3) MERS and BONY failed to make required disclosures at the time that Plaintiffs' home loan was closed in violation of Section 1641 of TILA; failed to disclose information in violation of the FDCPA, RESPA, and TILA "[e]ither before, during and/or after the purported settlement;" and that Plaintiffs are owed

---

[2] Plaintiffs skip from "Count Two" to "Count Four," such that the Complaint includes a cause of action styled as "Count Seven," when only six counts are enumerated.

an accounting (Compl., pp. 12-13);

(4) Unspecified defendants and multiple entities acted in concert to "perpetrate a fraud upon the Plaintiff through the use of intentional nondisclosure, material misrepresentation, and creation of fraudulent loan documents," in violation of civil RICO statutes (Compl., p. 14);

(5) Unspecified defendants improperly converted Plaintiffs' property by wrongfully foreclosing upon Plaintiffs' home (Compl., p. 14);

(6) BONY and unspecified defendants breached an unidentified contract with Plaintiffs when they "received Plaintiff's Promissory Note for free" but did not make "a loan or investment to the Plaintiff" (Compl., pp. 14-15).

Id. Plaintiffs also list other statutes and possible causes of action against unspecified defendants, including: a violation of the § 3-309 of the Uniform Commercial Code; residential mortgage fraud in violation of O.C.G.A. § 16-8-102; and racketeering in violation of O.C.G.A. § 16-14-4. (Compl., pp. 15-19). Plaintiffs wholly omit to explain the factual predicate for such claims, and the claims as stated are not in a form that can be understood.

### B. McCalla's Motion to Dismiss

Defendant McCalla argues Plaintiffs' Complaint should be dismissed because (1) it fails to state a claim for relief because it does not provide sufficient factual content to raise Plaintiffs' right to relief above the speculative level; (2) it is an impermissible shotgun pleading; (3) Plaintiffs' claims are barred by res judicata and collateral estoppel;

AO 72A
(Rev.8/82)

and (4) Plaintiffs' claim under the FDCPA does not state any facts alleging that McCalla is a debt collector or engaged in debt collection as required under the FDCPA. Docket Entry [4].

This Court finds that Plaintiffs' lawsuit should be dismissed because Plaintiffs' Complaint fails to state a claim for relief. Plaintiffs not only failed to plead specific facts in support of each of their claims, but their legal theories are difficult to decipher and do not provide notice to the Defendants of what specific claims are filed against these Defendants. Dismissal for failure to state a claim is warranted if it does not contain specific factual matter, accepted as true, to state a claim that is plausible on its face and to suggest the required elements of the claim. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Neitzke v. Williams, 490 U.S. 319, 326 (1989); Watts v. Florida Int'l Univ., 495 F.3d 1289, 1296 (11th Cir. 2007); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)). Thus, a complaint, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," Twombly, 550 U.S. at 555; moreover, it must "'provide the defendant fair notice of what plaintiff[s'] claim[s]" are, Charles H. Wesley Educ. Found., Inc. v. Cox, 408 F.3d 1349, 1352 (11th Cir. 2005) (quoting United States v. Baxter Int'l, Inc., 345 F.3d 866, 881 (11th Cir.

2003)).

Here, Plaintiffs' Complaint fails to raise Plaintiffs' right to relief beyond the speculative level or plausibly suggest the required elements of their claims. Plaintiffs' claim in Count One for fraud is inadequately pled because Plaintiffs neither reference supporting facts nor provide sufficient facts within the Count itself to explain the basis of their claim; instead, most of the Count is devoted to recitation of statutory provisions, case law, and legal conclusions. Based on Plaintiffs' rambling discussion in Count One, Plaintiffs may simply be challenging the validity of the assignment of their security deed on the grounds that it is fraudulent. (Compl., pp. 7-8 ("Regarding the matter of Fraud, it is apparent that the lack of The Lending Group Inc., which is the original, Lender not being on the assignment to sell, transfers, and assign accelerated Fraud. Fraud commenced when full disclosure did not occur and no consideration was provided."). Plaintiffs, however, do not explain the basis for their theory that the assignment was allegedly fraudulent or present any specific facts regarding what fraud or misrepresentation occurred.[3] To the extent that Plaintiffs are claiming that the assignment was invalid because it was executed by MERS, Plaintiffs do not explain why MERS' involvement rendered the assignment invalid. (Compl., pp. 7-10).

Likewise, in Count Two of Plaintiffs' Complaint, relating to theft by deception,

---

[3] Plaintiffs also clearly fail to plead their fraud claim with sufficient particularly to satisfy Federal Rule of Civil Procedure 9. That rule requires that a plaintiff's fraud claim be described with particularity and include the "who, what, when, and where of the fraud." Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1291-92 (11th Cir. 2010)

11

Plaintiffs put forth only non-specific, conclusory facts in support of their claims that are more akin to legal conclusions. For example, Plaintiffs state that the Defendants were "practicing usury" which "rendered void" any contract conveying the security deed, in part because "there were no taxes having been paid to Superior Court Clerk to record the manufactured document, thereby proving the document conveyed nothing," as "a tax liability would have been satisfied upon the recordation of the Assignment." (Compl., pp. 11-12). Additionally, Plaintiffs again devote two thirds of Count Two to reciting statutory and case law without explaining how any of the Defendants violated the law, and often refer to Defendants generally without identifying the actual defendant to whom they are referring. (Compl., pp. 10-12).

In Count Four[4] of Plaintiffs' Complaint, Plaintiffs refer generally to "damages for . . . violations of numerous consumer protection laws relative to the TILA, RESPA, and FDCPA" and allege that " disclosures have been fraudulently concealed from the Plaintiff, disregarding constitutional requirements of due process." (Compl., pp. 12-13). However, Plaintiffs fail to explain what those violations were and how they occurred, arguing only that there was an "Unauthorized Use of her Signature and Name" when the Defendants "did not disclose to Plaintiff that they were using her name, note and credit to secure monies from the Federal Reserve Bank." (Compl., pp. 12-13). Plaintiffs do not explain what required disclosures were not made, do not explain how Defendants

---

[4] Again Count Four is the third enumerated count, as "Count Three" was skipped.


Plaintiffs put forth only non-specific, conclusory facts in support of their claims that are more akin to legal conclusions. For example, Plaintiffs state that the Defendants were "practicing usury" which "rendered void" any contract conveying the security deed, in part because "there were no taxes having been paid to Superior Court Clerk to record the manufactured document, thereby proving the document conveyed nothing," as "a tax liability would have been satisfied upon the recordation of the Assignment." (Compl., pp. 11-12). Additionally, Plaintiffs again devote two thirds of Count Two to reciting statutory and case law without explaining how any of the Defendants violated the law, and often refer to Defendants generally without identifying the actual defendant to whom they are referring. (Compl., pp. 10-12).

In Count Four[4] of Plaintiffs' Complaint, Plaintiffs refer generally to "damages for . . . violations of numerous consumer protection laws relative to the TILA, RESPA, and FDCPA" and allege that " disclosures have been fraudulently concealed from the Plaintiff, disregarding constitutional requirements of due process." (Compl., pp. 12-13). However, Plaintiffs fail to explain what those violations were and how they occurred, arguing only that there was an "Unauthorized Use of her Signature and Name" when the Defendants "did not disclose to Plaintiff that they were using her name, note and credit to secure monies from the Federal Reserve Bank." (Compl., pp. 12-13). Plaintiffs do not explain what required disclosures were not made, do not explain how Defendants

---

[4] Again Count Four is the third enumerated count, as "Count Three" was skipped.

improperly used either of the Plaintiffs' names and/or signatures, and do not identify which Defendant engaged in what activity.

Count Five alleges RICO violations, however, Plaintiffs merely "restate[] and reallege[] the contents of all unnumbered paragraphs of this Complaint," and argue without explanation that the Defendants are engaged in an "enterprise" to defraud Plaintiffs. (Compl., p. 14). Furthermore, Plaintiffs do not identify the fraud that was allegedly perpetrated or articulate how the actions of the Defendants "constitutes an 'enterprise'" to warrant holding them liable under RICO statutes. (Compl., p. 14).

In Count Six, Plaintiffs allege Conversion and merely "restate[] and reallege[] the contents of paragraph all unnumbered paragraphs [sic] of this Complaint," appear to contend that unspecified defendants converted Plaintiffs' property to their use when they performed an unlawful sale under power, and state that the foreclosure sale of their property was "unlawful and illegal." (Compl., p. 14). Plaintiffs did not attempt to identify facts or legal theories explaining this cause of action, or identify which Defendant engaged in what alleged wrongdoing.

Finally, Plaintiffs assert a claim for breach of contract and theft in Count Seven, but do not assert facts alleging the existence of any specific contract, much less the breach of that contract. (Compl., p. 14-15). Instead, Plaintiffs simply allege that the Defendants fraudulently procured the promissory note related to Plaintiffs' property "for free" or by the creation of "new money, credit or the money equivalent." (Compl., pp. 14-15). Plaintiffs do not articulate any specific factual allegations or coherently assert

13

legal theories.

In addition to Plaintiffs' failure to adequately state a claim for relief, Plaintiffs' Complaint is a shotgun pleading. A shotgun pleading is defined by "the failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading." Beckwith v. Bellsouth Telecomms., Inc., 146 F. App'x 368, 371 (11th Cir. 2005). Describing the nature of a shotgun pleading, the United States Court of Appeals for the Eleventh Circuit has noted that "[t]he typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts . . . contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002); see also Ferrell v. Durbin, 311 F. App'x 253, 259 (11th Cir. 2009). Shotgun pleadings also are often characterized by factually unsupported claims and frequently fail to specify which defendant is responsible for each act alleged. Beckwith, 146 F. App'x at 372 ("The failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a shotgun pleading"). With a shotgun pleading, it is virtually impossible to know which allegations of fact are intended to support which claims for relief. Beckwith, 146 F. App'x at 372; Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996). As a result, the Court, faced with a crowded docket and "whose time is constrained by the press of other business, is unable to squeeze the case down to its essentials." PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V., 598 F.3d 802, 806

14

n.4 (11th Cir. 2010). Thus, shotgun pleadings impede the orderly, efficient, and economic disposition of disputes as well as the Court's overall ability to administer justice. See Byrne v. Nezhat, 261 F.3d 1075, 1128-31 (11th Cir. 2001); Ebrahimi v. City of Huntsville Bd. of Educ., 114 F.3d 162, 165 (11th Cir. 1997). Consequently, the Eleventh Circuit does not require the court to "sift through the facts presented and decide for [itself] which were material to the particular cause of action asserted" and has specifically instructed district courts to prohibit such pleadings as fatally defective. Strategic Income Fund, 305 F.3d at 1296 n.9; B.L.E. ex rel. Jefferson v. Georgia, 335 F. App'x 962, 963 (11th Cir. 2009). To allow such a pleading would place an unjustifiable burden on the Court to take on the virtually impossible task of "ascertain[ing] what factual allegations correspond with each claim and which claim is directed at which defendant." Beckwith, 146 F. App'x at 373. Moreover, although courts liberally construe pro se pleadings, the litigant is still required to conform to procedural rules, and this Court is not required rewrite a deficient pleading. See GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), recognizing overruling on other grounds, Randall v. Scott, 610 F.3d 701 (11th Cir. 2010).

In this case, because of the disjointed and confusing manner in which Plaintiffs' Complaint is drafted, it is difficult to decipher what are the substance of Plaintiffs' claims. The counts listed in Plaintiffs' Complaint not only fail to refer to specific supporting facts, but also ramble and cite multiple statutes, often without providing an explanation of Plaintiffs' legal theories. Plaintiffs also mix together and conjoin

15

multiple legal theories within their counts. This lack of organization combined with the absence of facts makes it nearly impossible to interpret the nature Plaintiffs' claims. As a result, Defendants cannot be expected to frame a responsive pleading.

Because Plaintiffs' Complaint is an inadequately pled and a shotgun pleading, the undersigned recommends that Defendant McCalla's Motion to Dismiss be **GRANTED** and Plaintiffs' Complaint be **DISMISSED**. While leave to amend an inadequately pled complaint is usually afforded pro se plaintiffs, "repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of amendment, and futility of the amendment can justify dismissal with prejudice." Carvel v. Godley, 404 F. App'x 359, 360 (11th Cir. 2010); see also Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 (11th Cir. 2002); Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001). In this case, Plaintiffs have provided no indication that a more carefully drafted complaint would state a claim or that Plaintiffs would in fact draft a complaint more carefully. This is the second lawsuit that Plaintiffs have litigated before this Court. In Plaintiffs' prior lawsuit, they were afforded an opportunity to replead their deficient complaint, they ignored that opportunity, and their claims were dismissed with prejudice as a result. See Hayes I. Indeed, the complaint in that action alleged similar wrongdoings in a difficult to understand fashion, and this Court reported and recommended that that complaint be dismissed because Plaintiffs did not include sufficient factual allegations supporting their legal conclusions to raise their right to relief above the speculative level and because the complaint was laid out in

16

shotgun fashion. Hayes I, Report and Recommendation, Docket Entry [32]. The District Court adopted this Court's Report and Recommendation, and the dismissed the case with prejudice. Hayes I, Docket Entry [35]. Even though Plaintiffs have filed a new Complaint in their present action, they have not cured the deficiencies identified in the prior action. Given that Plaintiffs have repeatedly filed frivolous lawsuits but have not attempted to cure deficiencies explicitly articulated by the Court, further amendment would be futile and would interfere with the Court's ability to protect its docket from frivolous and abusive litigation. Therefore, this Court concludes that the dismissal of Plaintiffs' Complaint should be **WITH PREJUDICE**. Carvel, 404 F. App'x at 360; see also Curtis v. BAC Home Loans Servicing, LP, No. 5:10-CV-2626-MTT, 2010 WL 4054129 (M.D. Ga. Oct. 14, 2010) (concluding that similar complaint should be dismissed); Ponder v. Bank of N.Y. Mellon, No. 5:10-CV-144 (CAR), 2010 WL 295681, at *1 (M.D. Ga. July 21, 2010) (dismissing complaint which failed to provide even a speculative basis for relief with prejudice and refusing to allow an opportunity to amend); Edwards v. CitiMortgage, Inc., No. 1:07-CV-2373-WSD, 2008 WL 905922 (N.D. Ga. Mar. 31, 2008).

### III.   DEFENDANTS BONY AND MERS' MOTION TO DISMISS

Defendants BONY and MERS also move to dismiss Plaintiffs' Complaint on the grounds that (1) it fails to plausibly state a claim for relief or provide BONY and MERS with reasonable notice of the claims against them and the basis or substance of those claims; (2) it is an impermissible shotgun pleading; and (3) Plaintiffs' claims against

17

BONY and MERS, as enumerated in the six counts of the Complaint, all fail as a matter of law. Because this Court has already concluded that Plaintiffs' Complaint should be dismissed on the grounds that it fails to state a claim for relief and is a shotgun pleading, Defendant BONY and MERS' Motion to Dismiss should be **GRANTED** for those same reasons, and Plaintiffs' claims should be **DISMISSED WITH PREJUDICE**.

IV. **DEFENDANTS BONY AND MERS' MOTION TO STAY PRE-TRIAL DEADLINES**

In Defendants BONY and MERS' Motion to Stay Pre-Trial Deadlines (Docket Entry [6]), they seek an Order delaying the commencement of the discovery period and staying the deadlines for the Rule 26(f) Early Planning Conference, the Joint Preliminary Report and Discovery Plan, and Initial Disclosures until 30 days after the District Court issues a final ruling on the two motions to dismiss. For good cause shown, Defendants BONY and MERS' Motion to Stay is **GRANTED**. Docket Entries [6].

V. **CONCLUSION**

For the reasons discussed above, the undersigned recommends that Plaintiffs' Motion to Deny Removal by Defendants be **DENIED** (Docket Entry [2]); that Defendants BONY and MER's Motion to Dismiss to Plaintiffs' Complaint should be **GRANTED** (Docket Entry [3]) and Plaintiffs' claims against them be **DISMISSED WITH PREJUDICE**; that Defendant McCalla's Motion to Dismiss Plaintiffs' Complaint be **GRANTED** (Docket Entry [4]) and Plaintiffs' claims against McCalla be **DISMISSED WITH PREJUDICE**; and Defendants BONY and MERS' Motion to Stay

18

Pretrial Deadlines is **GRANTED** (Docket Entry [6]).  As this is a final Report and Recommendation and there are no other matters pending before this Court, the Clerk is **DIRECTED** to terminate the reference to the undersigned.

      **SO ORDERED and REPORTED AND RECOMMENDED**, this  30   day of June, 2014.

                                        s/Linda T. Walker
                                        LINDA T. WALKER
                                        UNITED STATES MAGISTRATE JUDGE