IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

NORAH HAYES, et al.,

    Plaintiffs,

      v.

THE BANK OF NEW YORK
MELLON as Trustee for the
Certificate Holders of CWABS Inc.,
Asset-Backed Certificates, Series
2005-13 formerly known as
The Bank of New York, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:14-CV-338-TWT

**ORDER**

This is an action seeking to set aside a foreclosure sale.  It is before the Court

on the Report and Recommendation [Doc. 14] of the Magistrate Judge recommending

granting the Defendants' Motions to Dismiss [Doc. 3 & 4]. A complaint should be

dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state

a "plausible" claim for relief. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Fed. R.

Civ. P. 12(b)(6).  A complaint may survive a motion to dismiss for failure to state a

claim, however, even if it is "improbable" that a plaintiff would be able to prove those

facts; even if the possibility of recovery is extremely "remote and unlikely." Bell

Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citations and quotations omitted).  In ruling on a motion to dismiss, the court must accept factual allegations as true and construe them in the light most favorable to the plaintiff.  See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); see also Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint.  See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986).  Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon  which it rests.  See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 550 U.S. at 555). This action is totally barred by res judicata. The Plaintiffs' objections to the Report and Recommendation are incomprehensible.  The Court approves and adopts the Report and Recommendation as the judgment of the Court. The Defendants' Motions to Dismiss [Doc. 3 & 4] are GRANTED.

SO ORDERED, this 6th day of August, 2014.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge